IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMERICAN INCOME LIFE INSURANCE
COMPANY

      Petitioner,

v.                            CIVIL ACTION NO. 1:18MC48
                                 (Judge Keeley)

NICHOLAS L. AILPORT

      Respondent.

MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY
CLERK OF COURT [DKT. NO. 4] AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is a motion for writ of execution to be entered by the Clerk of Court to enforce a judgment of a state court in McLennan County, Texas (Dkt. No. 4). For the reasons that follow, the Court **DENIES** the motion and **DISMISSES** the case **WITH PREJUDICE.**

## I. BACKGROUND

This case arises from an order entered by the District Court for McLennan County, Texas, a state court, confirming an agreed arbitration award and permanent injunction against Nicholas L. Ailport ("the Texas Order") (Dkt. No. 1). On September 18, 2018, American Income Life Insurance Company ("American Income"), apparently in an effort to obtain the appearance of a federal judgment certification, filed a clerk's certification of the Texas Order with this Court, using the Administrative Office of the

AMERICAN INCOME V. AILPORT                                    1:18MC48

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]

United States Courts Form 451 for the certification of a federal judgment in another federal district court. In filling out the form, the state court clerk simply entered "McLennan County, Texas" in the space designated for the particular United States District Court on the form (Dkt. No. 1 at 1). Yet it is beyond debate that there is no federal judicial entity known as the United States District Court for McLennan County, Texas.

Subsequently, on June 6, 2019, American Income moved this Court to direct the Clerk to enter a writ of execution relating to collection of the monetary award in the Texas Order. It further requested that the writ of execution be served by the United States Marshals Service (Dkt. No. 4).

### II. APPLICABLE LAW

Federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Generally, subject-matter jurisdiction in federal courts must be based on either diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Federal courts also have jurisdiction to register a judgment under 28 U.S.C. § 1963. That enabling statute provides that a

AMERICAN INCOME V. AILPORT                                    1:18MC48

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY
CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]**

judgment in an action for "the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade" may be registered in any other district when the judgment is final. Id. Notably, this statutory proviso does not specifically authorize registry of state-court judgments.

Although the Fourth Circuit Court of Appeals has not previously decided whether a federal court can register a state court judgment, it has addressed whether § 1963 applies to the registration of a federal court judgment in a state court. In Martin-Trigona v. Joel P. Bennett, P.C., Nos. 88-1800, 69-1402, 1989 WL 64126, at *2 (4th Cir. June 12, 1989), our circuit court held that 28 U.S.C. § 1963 has no application to the recording of a federal court's judgment in a state court because § 1963 "addresses the registration of federal judgments in other federal courts."

Beyond the Fourth Circuit, the federal courts that have directly addressed whether state-court judgments may be registered in federal court are in agreement that they may not. In Atkinson v. Kestell, 954 F. Supp. 14, 15 n.2 (D.C. Cir. 1997), for example, the United States Court of Appeals for the District of Columbia Circuit

3

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY**
**CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]**

flatly stated that "[s]tate court judgments cannot be registered in this Court." The Sixth Circuit is in accord, stating, "[n]othing in the language of [§] 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade." Fox Painting Co. V. National Labor Relations Bd., 16 F.3d 115, 117 (6th Cir. 1994) (finding that § 1963 does not authorize a district court to register a state court of appeals judgment). See also Euro-American Coal Trading, Inc. V. James Taylor Mining, Inc., 431 F.Supp.2d 705, 708 (E.D. Ky. 2006) (holding that "the registration procedures of [§ 1963] contain jurisdictional limitations that prohibit federal courts from registering state court judgments"); W.S. Frey Co., Inc. V. Precipitation Associates of America, Inc., 899 F. Supp. 1527, 1528 (W.D. Va. 1995) (holding that § 1963 is for "judgments from other courts of the United States" and explaining that although federal courts are required to give state court judgments "full faith and credit," this "is a far cry from making a judgment of a state court a federal judgment, which is what registration is all about").

Federal Rule of Civil Procedure 69 states that "a money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69. According to Labertew v.

AMERICAN INCOME V. AILPORT                                    1:18MC48

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY
### CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]

Langemeier, 846 F.3d 1028, 1033 (9th Cir. 2017), "Rule 69 is not available to enforce state court judgments in federal court." See also United States v. Potter, 19 F.R.D. 89, 89 (S.D.N.Y. 1956) ("Rule 69(a) of the Federal Rules of Civil Procedure [ ] is not to be construed as applying to judgments other than those of the Federal Court"); Kirtz v. Wiggin, 538 F. Supp. 1218, 1221 (E.D.Mo. 1982) (dismissing a complaint after finding that, after a state court had handled the matter, "all that needs to be done is to execute upon that judgment" and "this Court will not be used as a forum to execute on a state judgment"); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3011 (3d ed. 2020) ("Rule 69 has no application to state-court judgments").

Finally, no writ of execution may be entered before the judgment is registered. 9 Federal Procedural Forms § 28:5 (2020). And again, the authority of federal courts to issue extraordinary writs exists "solely for the purpose of protecting the respective jurisdictions of [federal] courts." Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969).

### III. DISCUSSION

American Income seeks to register the Texas Order and obtain entry of a writ of execution on a monetary judgment awarded in its

AMERICAN INCOME V. AILPORT                                    1:18MC48

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY
CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]**

favor by a Texas state court. As the Fourth Circuit has recognized, registration is much more than a mere "ministerial act." <u>Wells Fargo Equipment Finance, Inc. v. Asterbadi</u>, 941 F.3d 237, 244-45 (4th Cir. 2016). When registering a judgment in federal court under § 1963, the judgment becomes a new judgment in the district court where the judgment is registered, as if this new judgment had actually been entered in the district. <u>Id.</u> Were American Income permitted to register the Texas Order in this Court, that order would transform a state-court judgment into a federal-court judgment. That plainly cannot be. Registration of judgments in federal court pursuant to § 1963 is reserved solely for other federal court judgments, not state-court judgments. <u>W.S. Frey Co., Inc.</u>, 899 F. Supp. at 1528; <u>Martin-Trigona</u>, 1989 WL 64126 at *2. Nor is Rule 69(a) a vehicle through which federal courts can enforce state-court judgments, which is exactly what American Income is attempting to accomplish.

**IV. CONCLUSION**

Having no jurisdiction to register the state-court judgment at issue, the Court **DENIES** American Income's motion to direct the Clerk to enter a writ of execution (Dkt. No. 4), **DISMISSES** the case **WITH PREJUDICE,** and **DIRECTS** the Clerk to transmit copies of this

6

**AMERICAN INCOME V. AILPORT**                                    **1:18MC48**

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION FOR WRIT OF EXECUTION TO BE ENTERED BY
### CLERK OF COURT AND DISMISSING CASE WITH PREJUDICE [DKT. NO. 4]

Order to counsel by electronic means and to remove this case from the Court's active docket.

It is so **ORDERED.**

DATED: July 31, 2020.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

7